Curia, per

Butler, J.
It would seem that the plaintiffs’s right to recover the land in this case depends altogether upon the question whether the location of defendant’s land can b'e maintained under the description of the •deed to William Bullein.
The description in that deed is as follows, “a tract or parcel of land where he (Wm. Bullein,) now lives, containing 50 acres, bounded by lands belonging to Wm. Bonham *64 on one side, and Fall Branch on the other.” It is certain from this description that the land must be that whereon Bullein lived at the time. Particular boundaries are referred to, rather as a general description, than as fixed and uncontrolable limits. For in going to these boundaries more than the tract whereon Bullein lived, which was intended to have been conveyed, might have been embraced.
The tract spoken of in the deed may have been erroniously described, by assigning to it conjectural boundaries, and such, in one particular at least, seems to be the case; for it is certain the land located for the defendant did not extend to Fall Branch. And it is probable that the deed would not have operated as a conveyance of any land to Bullein, if it had been located on Fall Branch. What were, therefore, the true limits of the tract whereon he levied, depended on evidence. Had that tract any particular name? .if so, it indicated its identity. As when the Home tract, the Upper tract, or the Lower tract, are spoken of. The limits of these must be ascertained by parol evidence, otherwise such deeds would be ambiguous and inoperative. The tract where Bullin lived was on the Clayton grant, supposed to contain 50 acres. That grant may have called for boundaries to which it could not extend, or which did not correspond with its actual lines; and so it may have contained more or less acres than it called for ; where it should be located, would, in many cases, depend on extraneous circumstances and explanations not afforded by the paper itself. One oak tree might have been called for, when another was meant, or one of entirely a different description, So in the case under consideration. If the jury were satisfied from the evidence before them, that the tract actually referred to in the deed was the Clayton grant, they were authorized to locate it as they have done, and, in so doing, we do not perceive that they have violated any rule of law.
We think the circuit judge acted properly in allowing an office copy of the deed, referred to in the 4th ground of appeal, to be given in evidence.
It would not do to allow a plaintiff to gain any advantage, or subject a defendant to any prejudice, by a declar *65 ation of his own made during the trial. And the declartion made by one of the plaintiffs, was by a party interested, under circumstances well calculated to surprise the defendant. Motion refused.
O’Neall, Evans, Wardlaw, and Richardson, JJ. concurred.